United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  GIACALONE ELECTRICAL SERVICES,  )    Case No.: C 03-4100 JW (PVT)
    INC.,                            )
13                                   )    **INTERIM ORDER RE DEFENDANTS'**
                 Plaintiff,          )    **MOTIONS TO COMPEL ASCENT**
14                                   )    **ELECTRICAL SUPPLY AND SUNSET**
         v.                          )    **ELECTRICAL SUPPLY TO COMPLY**
15                                   )    **WITH SUBPOENAS**
    WESCO DISTRIBUTION, INC., et al., )
16                                   )
                 Defendants.         )
17  _____  )

18

19          On March 7, 2005, Defendants filed motions to compel non-parties Ascent Electrical Supply,

20  Inc. ("Ascent") and Sunset Electrical Supply, Inc. ("Sunset") to comply with subpoenas Defendants

21  served on them.[1]  Ascent and Sunset opposed the motion.  Defendants then filed a reply in which

22  they seek to address any issues that may arise regarding two *new* subpoenas they intend to serve on

23  Defendants.  Having reviewed the papers submitted by Defendants, Ascent and Sunset, the court

24  finds it appropriate to issue this interim order.  Based on the moving, opposition and reply papers

25  submitted,

26          IT IS HEREBY ORDERED that the two new subpoenas attached as Exhibits A and B to the

27  _____

28      [1]     The holding of this court is limited to the facts and the particular circumstances
    underlying the present motion.

ORDER, *page 1*

**United States District Court**

For the Northern District of California

1   Declaration of Jennifer F. Shugars in Support of Reply in Further Support of Motions to Compel

2   Ascent Electrical Supply and Sunset Electrical Supply (filed herein on May 17, 2005) are DEEMED

3   SERVED on Ascent and Sunset as of the date this order is filed.[2]  Counsel for Ascent and Sunset

4   shall promptly provide copies of those subpoenas to Ascent and Sunset.  Ascent and Sunset shall

5   serve on Defendants any objections to these subpoenas within 5 court days after this order is filed.

6        IT IS FURTHER ORDERED that Sunset may also serve on Defendants within 5 court days

7   after this order is filed any objections it has to the subpoena that was served on it last July.  Based on

8   the declarations filed by both Sunset and Defendants it appears likely that service of said subpoena

9   was adequate.  Sunset's failure to serve any objections to the subpoena is technically sufficient

10  grounds for finding a waiver of any objections.  However, in light of Defendants' decision to burden

11  Sunset with yet another subpoena, the court finds it equitable to allow Sunset an opportunity to assert

12  any valid objections it has to the prior subpoena along with its objections to the new subpoena.

13       IT IS FURTHER ORDERED that, no later than June 3, 2005 counsel for Defendants and

14  counsel for Ascent and Sunset shall meet and confer *in person* in San Jose, California regarding all

15  disputes regarding all four subpoenas.  The fact that Sunset was previously sued by Defendant

16  WESCO does not relieve it of its obligation to produce documents relevant to the claims and

17  defenses in the current litigation in response to valid subpoenas.  Nor does the fact that Defendants

18  are competitors of Sunset and Ascent automatically preclude the discovery.  Instead, a determination

19  must be made regarding whether the potential for harm to the non-party competitor outweighs the

20  subpoenaing parties' need for relevant, but confidential, documents.  *See, e.g., Mannington Mills.*

21  *Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525 (D. Del. 2002).  Further, Defendants are

22  obliged to take reasonable steps to avoid imposing undue burden or expense on Ascent and Sunset.

23  *See,* FED.R.CIV.PRO. 26(c)(1).  Toward that end, the meet and confer session should address: 1) a

24

25

26       [2]        Rule 45 requires only that the subpoenas be "delivered" to the subpoenaed person.
    Personal service is not required, so long as the method used to serve the subpoena reasonably assures
27  actual delivery to the person subpoenaed.  *See Doe v. Hersemann*, 155 F.R.D. 630, 630 (N.D.Ind.1994)
    (allowing service by certified mail).  The court is satisfied that the electronic filing of the subpoenas (as
28  exhibits to the Shugars Declaration), notice of which was sent to counsel for Ascent and Sunset, along
    with the requirements of this order, reasonably assures that copies the subpoenas will be delivered to
    Ascent and Sunset.

United States District Court

For the Northern District of California

1  reasonable scope for the production in light of the aforementioned considerations;[3] 2) whether any

2  modification of the Stipulated Protective Order (filed herein on June 17, 2004) is necessary to

3  adequately protect the non-parties' confidential information throughout this litigation; and

4  3) appropriate compensation for the cost of employee time and copying charges Ascent and Sunset

5  incur to comply with the subpoenas.

6      IT IS FURTHER ORDERED that, in the event that Defendants and Ascent and/or Sunset are

7  unable to resolve all of their disputes regarding the subpoenas, Defendants may file a renewed

8  motion on shortened time.  The renewed motion shall specifically address each category in dispute,

9  and shall give at least 14 days notice of the hearing (which shall be set for a Tuesday at 10:00 a.m.).

10 Opposition papers shall be filed at least 7 calendar days before the hearing.  No reply papers shall be

11 filed.

12 Dated: *5/19/05*

13

14      */s/ Patricia V. Trumbull*
       PATRICIA V. TRUMBULL
       United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26      [3]      Some of the categories in the subpoenas do appear to be too broad for document requests
       directed at non-parties.  Even for non-confidential information, Defendants must restrict the document
27     requests to just those documents necessary to prepare their defense in the current action.  Ascent and
       Sunset can facilitate such limitation of the categories by providing Defense counsel with information
28     about how they maintain their records.  Ascent and Sunset are cautioned that failure to cooperate in this
       manner during the meet and confer process may ultimately warrant an order compelling production
       pursuant to the broader categories of documents requested.