**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GIACALONE ELECTRICAL SERVICES, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>WESCO DISTRIBUTION, INC., et al.,<br><br>   Defendants. | Case No.: C 03-4100 JW (PVT)<br><br>**INTERIM ORDER RE DEFENDANTS' RENEWED MOTION TO COMPEL SUNSET ELECTRICAL SUPPLY AND ASCENT ELECTRICAL SUPPLY TO COMPLY WITH SUBPOENAS *DUCES TECUM*** |

On June 29, 2005, Defendants filed a Renewed Motion to Compel Sunset Electrical Supply, Inc. ("Sunset") and Ascent Electrical Supply, Inc. ("Ascent") to comply with subpoenas *duces tecum*.[1] However, Defendants have not addressed each category of documents requested separately as required by this court's order of May 19, 2005. Thus, it is not clear to the court which documents Defendants contend are responsive to which subpoena categories. Therefore,

IT IS HEREBY ORDERED that Defendants shall file a revised motion, separately discussing each disputed category of documents requested in the subpoenas. For each such category of documents requested, Defendants shall: 1) quote the category as it is set forth in the pertinent subpoena; 2) quote Sunset's and/or Ascent's objection; and 3) explain both the basis for Defendants'

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

contention that they are entitled to the requested discovery, and how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied. *See*, CIVIL L.R. 37-2.

IT IS FURTHER ORDERED that the revised motion shall give at least 14 days notice of the hearing (which shall be set for a Tuesday at 10:00 a.m.). Opposition papers shall be filed at least 7 calendar days before the hearing. No reply papers shall be filed.

IT IS FURTHER ORDERED that Defendants' counsel shall promptly serve a copy of this order, both by fax and first class mail, on counsel for Sunset and Ascent.

In order to facilitate any continued meet and confer efforts, the court notes that any compensation to Sunset and Ascent for the "appropriate compensation for the cost of employee time" referenced in this court's order of May 19, 2005 should be based on a reasonable wage a small company would normally be willing to pay an average clerical worker to sort and copy documents. This is not intended to provide Sunset and Ascent with profit, but rather to defray the expense incurred to comply with the subpoenas.

Dated: *6/30/05*

           */s/ Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge